IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID W. CRITES, #56168,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 14-cv-00540-MJR |
| ) | |
| **CAPTAIN BUNT, LT. HOLLENBOCK,** ) | |
| **MIKE HARE, SGT. COURT,** ) | |
| **SGT. DOVER,** ) | |
| **MADISON COUNTY JAIL STAFF,** ) | |
| **MEDICAL STAFF,** ) | |
| **MADISON COUNTY SHERIFF'S DEPT.,** ) | |
| **JOHN J. REKOWSKI,** ) | |
| and **PUBLIC DEFENDER**, ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, who was a pretrial detainee at Madison County Jail ("Jail") on the date he filed this lawsuit,[1] brings this civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). He sues ten defendants for constitutional claims arising primarily from an inmate assault at the Jail and the staff's subsequent failure to address his medical needs. Among other things, Plaintiff seeks compensatory damages, repayment of his federal student loans, an apology, plastic surgery, and an order requiring nurses to pass out medication to inmates (Doc. 1, p. 14).

## The Complaint

According to the complaint, Plaintiff was assaulted by another inmate around 6:30 p.m. on April 21, 2014 (Doc. 1, p. 11). Plaintiff is epileptic, and the assault triggered a grand mal seizure. He suffered fractured ribs, a hematoma, and facial swelling (Doc. 1, p. 5).

---

[1] Plaintiff was transferred from the Jail soon after filing this action. In the three weeks following the commencement of this suit, Plaintiff's mail was returned to the Court twice as undeliverable (Docs. 5, 8). He also notified the Court twice of address changes (Docs. 7, 9).

1

He reported the assault to Officer Nick, who placed the wing on lockdown and took Plaintiff to the "drunk tank" while he investigated the incident (Doc. 1, p. 11). Plaintiff was then transferred to the dayroom, where he had a second seizure. When he reported it to Lieutenant Young, Plaintiff was moved a third time to the "attorney-client room." He was given an ice pack at 10:30 p.m. Plaintiff claims that he should have been taken to the hospital, rather than transferred between rooms with concrete floors.

Plaintiff met with a doctor at 9:00 a.m. the following morning. The doctor examined Plaintiff, took his vital signs, and gave him pain killers. The doctor also recommended twenty-four hours of observation, and Plaintiff returned to the drunk tank for this purpose. Although Lieutenant Hollenbock ignored Plaintiff's request for a blanket, Officer Matt Miller provided Plaintiff with ice packs upon request, which Plaintiff "ordered continually" while he was under observation.

Plaintiff is also diabetic (Doc. 1, p. 11). Due to his irregular blood glucose levels, Plaintiff receives two additional "diabetic tray[s]" of food each day. When a nurse mentioned that Plaintiff was not insulin dependent during a medical appointment in April 2014, Sergeant Court stripped Plaintiff of his diabetic slippers, threw him to the ground, and "verbally and physically assaulted" him. Sergeant Court also ordered staff members to refuse all future requests for ice packs, and Sergeant Dover and Hare followed this order. As of May 6, 2014, the date he signed his complaint, Plaintiff had not received a diabetic tray or slippers (Doc. 1, p. 3). Plaintiff wrote to Captain Bunt twice and spoke with him directly about these issues, but no action was taken.

The complaint also alleges that jailers typically perform tasks that should be handled by the medical staff. Officers pass out medications. On April 23, 2014, Officer Heck

gave Plaintiff pills that were prescribed for Inmate Steve Stevens (Doc. 1, p. 11). Plaintiff spit the pills out when he realized the mistake (Doc. 1, p. 13). Plaintiff goes on to state, "And, Inmate Steve Stevens 32211 was able to eat them. And, I have a blood disease Hep C" (Doc. 1, p. 13). The complaint further alleges that inmates are "forced to use [the] same razor (electric) as [Plaintiff] with little or no bleach" (Doc. 1, p. 13).

From there, Plaintiff offers a variety of complaints, including a complaint that he was improperly indicted and a complaint that his public defender failed to respond to a letter dated April 22, 2014, on or before May 3, 2014 (Doc. 1, p. 12). Plaintiff also complains about his alleged lack of access to the law library, the cost of haircuts, phone calls, and postage.

Plaintiff seeks compensatory damages (Doc. 1, p. 14). He also seeks plastic surgery. He asks the Court to order Sergeant Court to apologize to Plaintiff and "NOT fire just reprimand" him (Doc. 1, p. 14). He asks that a grievance procedure be put into place at the Jail. Finally, he seeks an order requiring registered nurses to pass out medications.

**Merits Review Under 28 U.S.C. § 1915A**

Accordingly, this case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible

on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Upon careful review of the complaint, the Court finds that several of Plaintiff's claims against Defendants are subject to dismissal under § 1915A.

## Discussion

**1.      Claims To Be Referred**

The events described in the complaint occurred while Plaintiff was a pretrial detainee. Plaintiff's claims therefore arise under the Due Process Clause of the Fourteenth Amendment. *See Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012)). *See also Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). Most of these events relate to Plaintiff's medical care. Pretrial detainees have a right to adequate medical care under the Fourteenth Amendment, just as convicted prisoners have under the Eighth Amendment. *Smith v. Sangamon County Sheriff's Dept.*, 715 F.3d 188, 191 (7th Cir. 2013); *Klebanowski*, 540 F.3d at 637; *Williams v. Rodriguez*,

4

509 F.3d 392, 401 (7th Cir. 2007). In fact, the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999)).

Relevant to Plaintiff's claims, the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). Deliberate indifference involves a two-part test. The plaintiff must show that: (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard. *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The complaint sets forth two separate medical needs claims, which shall be allowed to proceed: (1) a deliberate indifference to serious medical needs claim against Officer Nick, Lieutenant Young, Unknown Doctor, and Captain Bunt, based on their alleged failure to provide Plaintiff with adequate medical care following the assault (**Count 1**); and (2) a deliberate indifference to serious medical needs claim against Sergeant Court and Captain Bunt arising from the denial of Plaintiff's diabetic tray, slippers, and ice packs (**Count 2**). Plaintiff shall also be allowed to proceed against Defendant Sergeant Court on an excessive force claim (**Count 3**).

## Count 1

With regard to **Count 1**, Plaintiff argues that Officer Nick, Lieutenant Young, and the Unknown Doctor should have sent him to the hospital following his assault and grand mal

seizure(s), instead of placing him in various rooms with concrete floors and walls. He alleges that Captain Bunt should have assisted Plaintiff in securing necessary medical care.

At this early stage, the complaint describes sufficiently serious injuries to satisfy the objective component of this claim. A medical need is objectively "serious" if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997). Plaintiff's allegation that he suffered broken ribs, a hematoma, and seizures satisfies the threshold standard.

Turning to the subjective component, the Seventh Circuit has held that non-medical professionals, such as Officer Nick and Lieutenant Young, are "entitled to defer to the judgment of jail health professionals so long as [they] d[o] not ignore [the prisoner]." *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012) (citing *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010)). There is an exception to this rule, however, if "they have a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner." *King*, 680 F.3d at 1018 (citing *Hayes v. Snyder*, 546 F.3d 516, 527 (7th Cir. 2008) (citations omitted)). Officer Nick and Lieutenant Young were Plaintiff's first contacts following the assault. He told them both about his injuries and his seizure(s). Rather than securing medical treatment for Plaintiff immediately, he was placed in various rooms with concrete floors and suffered a second seizure. He did not receive medical attention until almost fifteen hours later. Based on these allegations, Plaintiff shall be allowed to proceed with Count 1 against Officer Nick and Lieutenant Young.

The Unknown Doctor returned Plaintiff to the same location, following an examination of him the next day. At that point in time, Plaintiff had suffered two grand mal

seizures. He was also diagnosed with a hematoma and broken ribs. Although medical malpractice does not support a constitutional claim in an action brought under § 1983, "[a] medical professional's deliberate indifference may be inferred when 'the medical professional's decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment.'" *King*, 680 F.3d at 1018-19 (citing *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261-62 (7th Cir. 1996)). The complaint contains sufficient allegations to support a deliberate indifference to serious medical needs claim against the Unknown Doctor at this early stage.

Finally, the complaint suggests that Captain Bunt ignored Plaintiff's direct requests for medical care. Plaintiff alleges that he wrote to Captain Bunt and spoke with him directly about these issues. He was told that the Jail had no other grievance procedure. Normally, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The fact that a counselor, grievance officer, or even a supervisor received a complaint about the actions of another individual does not create liability. In order to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). In this case, Plaintiff spoke directly to Captain Bunt about his medical issues and wrote letters directly to him. In the letters, Plaintiff clearly requests Captain Bunt's assistance in obtaining treatment for his injuries. At this stage, he shall be allowed to proceed with Count 1 against Captain Bunt.

Based on the foregoing discussion, Plaintiff shall be allowed to proceed with **Count 1** against Officer Nick, Lieutenant Young, Unknown Doctor, and Captain Bunt for the failure to provide Plaintiff with adequate medical care following the inmate assault. The Clerk shall be directed to add Officer Nick, Lieutenant Young, and Unknown Doctor as defendants.

### Count 2

Plaintiff shall also be allowed to proceed with his medical needs claim (**Count 2**) against Sergeant Court and Captain Bunt for stripping him of his diabetic slippers and food trays. The complaint sets forth sufficient allegations to demonstrate, at this early stage, that Plaintiff's condition is serious. Plaintiff alleges that a doctor diagnosed him with irregular blood glucose levels requiring diabetic slippers and additional food trays. For purposes of this threshold analysis, the Court finds that the complaint satisfies the objective component of this claim. The subjective component is also satisfied as to Sergeant Court, who was directly involved in stripping Plaintiff of his slippers and denying him food trays, as well as Captain Bunt, who took no action in response to Plaintiff's direct pleas for help. Accordingly, Plaintiff shall be allowed to proceed with **Count 2** against Sergeant Court and Captain Bunt.

### Count 3

At this early stage, Plaintiff shall also be allowed to proceed with an excessive force claim against Sergeant Court (**Count 3**), based on the allegation that Sergeant Court threw Plaintiff to the ground and assaulted him after learning that he was not insulin dependent.

2. **Claims To Be Dismissed**

All remaining claims against Defendants fail. These claims include the following: (1) a deliberate indifference to serious medical needs claim against Lieutenant Hollenbock for failing to provide Plaintiff with a blanket while he was under observation (**Count 4**);

8

(2) a deliberate indifference to serious medical needs claim against Sergeants Hare and Dover for denying Plaintiff ice packs (**Count 5**); (3) an unconstitutional conditions of confinement claim arising from the distribution of medication to inmates by jail staff, the communal use of an electric shaver, and the cost of haircuts, phone calls, and postage (**Count 6**); (4) a First Amendment denial of access to courts claim arising from the lack of library access (**Count 7**); and (5) a legal malpractice claim against the public defender (**Count 8**). A discussion of each of claim is set forth below.

## Count 4

Lieutenant Hollenbock's failure to provide Plaintiff with a blanket (**Count 4**) does not give rise to a constitutional claim as pled. Plaintiff specifically alleges that he made this request on the date of his assault and was ignored (Doc. 1, p. 11). However, the complaint also indicates that Plaintiff asked this defendant for "things" twice and "was told [he] was being a pain in the butt" (Doc. 1, p. 2). These allegations lack details necessary to support a constitutional claim. For example, it is unclear what "things" Plaintiff requested. Further, the denial of a blanket on two occasions does not establish deliberate indifference, where the complaint sets forth no allegations suggesting that the Jail was cold or that Plaintiff had a particular need for the blanket. Without more, this claim fails. Accordingly, **Count 4** shall be dismissed without prejudice for failure to state a claim upon which relief can be granted. Because this is the only claim against Lieutenant Hollenbock, this defendant shall also be dismissed without prejudice.

## Count 5

The complaint also fails to state a claim against Sergeants Hare and Dover for refusing Plaintiff's requests for an ice pack (**Count 5**). Once again, the complaint lacks details

about this claim. It is unclear when Plaintiff asked Sergeants Hare and Dover for ice packs and how often. It is unclear whether he was suffering from a medical condition that required the use of ice packs at the time of his request. Without more, this claim also fails. Accordingly, **Count 5** shall be dismissed without prejudice for failure to state a claim upon which relief may be granted. Because this is the only claim against Sergeants Hare and Dover, these defendants shall also be dismissed without prejudice.

### Count 6

The complaint fails to state a claim for unconstitutional conditions of confinement (**Count 6**), based on Plaintiff's allegations that non-medical staff members distribute medication, inmates are required to share an electric shaver, and the cost of haircuts, postage, and phone calls is high. The constitution does not mandate comfortable prisons, but it also does not permit inhumane ones. *See Farmer*, 511 U.S. at 832. Prison officials are "required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter, and medical care, and take reasonable measures to guarantee safety of inmates." *Id*. It is not every inhumane condition that translates into constitutional liability for prison officials. However, "conditions of confinement, even if not individually serious enough to work constitutional violations, may violate the Constitution in combination when they have a 'mutually enforcing effect that produces the deprivation of a single, identifiable human need.'" *Budd*, 711 F.3d at 842 (citing *Wilson v. Seiter,* 501 U.S. 294, 304 (1991); *Murphy v. Walker*, 51 F.3d 714, 721 (7th Cir. 1995)).

The Supreme Court has set forth two elements that are required to support a claim. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health

or safety. *Farmer*, 511 U.S. at 834. The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.*

Under the first prong, a deprivation must be objectively, sufficiently serious, but an inmate is not required to wait until the injury has occurred to bring a claim. *See Thomas v. Illinois*, 697 F.3d 612, 614-15 (7th Cir. 2012) (depending on the severity, duration, nature of risk, and susceptibility of the inmate, prison conditions may violate constitutional standards if they caused either physical, psychological, or probabilistic harm). Plaintiff alleges that the distribution of medications by non-medical staff, the communal use of an electric shaver, and the high cost of incidentals (such as haircuts, postage, and phone calls) deprives him of basic life necessities. Further, he alleges that inmates are at increased risk of contracting transmittable diseases or suffering injury. The Court is persuaded that the communal use of an electric shaver, if nothing else, satisfies the objective prong of this test.

Even so, Plaintiff's claim fails on the second prong because the complaint does not include any allegations addressing the defendants' state of mind. Liability arises under § 1983 when a prison official is "deliberately indifferent" to an inmate's health or safety. *Farmer*, 511 U.S. at 834. This is established when "the official knows of and disregards an excessive risk to inmate health or safety." *Id.* The operative complaint mentions no one in connection with this claim, besides Officer Heck. It is therefore unclear *who* was deliberately indifferent to Plaintiff's conditions of confinement.

Further, the complaint does not demonstrate deliberate indifference on the part of Officer Heck, who allegedly gave Plaintiff another inmate's medication on one occasion. Realizing the error, Plaintiff alleges that he spit out the pills, "[a]nd, Inmate Steve Stevens 32211 was able to eat them" (Doc. 1, p. 13). Plaintiff goes on to allege that he has Hepatitis C.

As pled, it is not clear that Officer Heck knew that Plaintiff placed the pills in his mouth, that Officer Heck had any involvement in subsequently handing Inmate Stevens the pills, or that Officer Heck knew that Plaintiff had Hepatitis C. At most, the complaint suggests that Officer Heck was negligent, but negligence does not give rise to a constitutional claim under § 1983.

Based on the foregoing discussion, Plaintiff's claim for unconstitutional conditions of confinement fails. **Count 6** shall be dismissed without prejudice for failure to state a claim upon which relief can be granted.

### Count 7

The complaint also fails to state any claim based on Plaintiff's alleged lack of access to the prison law library (**Count 7**). Plaintiff alleges that he was allowed a single trip to the prison law library in one month (Doc. 1, p. 12). The books were in disarray, with pages missing. There were no law clerks available to assist or make copies (Doc. 1, p. 13). Plaintiff was unable to use the bathroom. He claims that he "need[s] access to the law books, so [he] can defend [himself]" (Doc. 1, p. 13).

This claim appears to have been improperly joined in this action. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George*, 507 F.3d at 607 (citing 28 U.S.C. § 1915(b), (g)). However, the claim is also subject to dismissal on its merits.

The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts. *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004). First, the prisoner must show that prison officials failed "to assist in the preparation and filing of

meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins v. Lane,* 977 F.2d 266, 268 (7th Cir. 1992) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994). That means that a detriment must exist, a detriment resulting from illegal conduct that affects litigation. It does not mean that any delay is a detriment. *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993).

Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation. *Kincaid*, 969 F.2d at 603. "[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

The complaint does not suggest that Plaintiff has suffered any "actual substantial prejudice to specific litigation." *Kincaid*, 969 F.2d at 603. He generally alleges that he needs access to the law library in order to defend himself in his criminal case. However, Plaintiff does not allege, and the complaint does not suggest, that Plaintiff has suffered actual prejudice in his criminal case to date. Plaintiff also fails to name a defendant who personally participated in this constitutional deprivation. Accordingly, **Count 7** shall be dismissed with prejudice for failure to state a claim upon which relief can be granted.

**Count 8**

Finally, the complaint fails to state any claim for legal malpractice (**Count 8**) against the Madison County Public Defender, or anyone else named in connection with this claim including Kerri Davis, Tyler Bateman, John Rekowski, or Timothy Berkley. This claim also appears to have been improperly joined in this action. *George v. Smith*, 507 F.3d 605 (7th Cir. 2007). However, it fails on its merits and shall be dismissed immediately. It is well-established that a plaintiff cannot proceed with a federal claim under § 1983 against a non-state actor. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Gayman v. Principal Fin. Servs., Inc.*, 311 F.3d 851, 852-53 (7th Cir. 2003). It has long been held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Co. v. Dodson*, 454 U.S. 312, 325 (1981). Plaintiff's complaint challenges exactly that.

The complaint takes issue with the legal representation provided by the public defender. Plaintiff specifically complains of an 11-day delay between the date he sent a letter to his public defender requesting discovery materials and the date he decided to sue the public defender. Plaintiff should refrain from wasting time and precious judicial resources with such claims. **Count 8** is frivolous and shall be dismissed with prejudice against the Madison County Public Defender, Defendant Rekowski, and all others individuals mentioned in connection with this claim (Doc. 1, p. 12).

3. **Dismissal of Sheriff's Department, Medical Staff, and Jail Staff**

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810

(7th Cir. 2005) (citations omitted). Without tying an individual defendant to specific acts, the complaint fails to establish a constitutional violation on the part of any particular defendant.

Plaintiff names Madison County Sheriff's Department as one of the ten defendants in this action. However, governmental entities cannot be held liable for the unconstitutional acts of employees, unless those acts are carried out pursuant to an official policy or custom. *Monell*, 436 U.S. at 694. The complaint does not allege that any official policy or custom resulted in a constitutional deprivation. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); FED. R. CIV. P. 8(a)(2). Therefore, the complaint fails to articulate a colorable claim against Madison County Sheriff's Department.

Further, although the complaint names the Medical Staff and the Jail Staff, in their entirety, as a defendant, the allegations must identify a particular defendant, even in generic terms (e.g., "John/Jane Doe"), who deprived Plaintiff of his constitutional rights. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Twombly*, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a specific defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Accordingly, the Madison County Sheriff's Department, the Madison County Jail Medical Staff, and the Madison County Jail Staff shall be dismissed from this action with prejudice.

**4.** **Identification of Unknown Defendant**

Plaintiff shall be allowed to proceed with his claims against the Unknown Doctor at this time. Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Once Plaintiff discovers the name of the Unknown Doctor, he must file a properly amended complaint naming him or her as a defendant.

**5.** **Injunctive Relief**

In the complaint, Plaintiff includes a list of requests (e.g., medical care, plastic surgery, distribution of medications by a registered nurse, etc.) that could be construed as a request for injunctive relief. It appears that Plaintiff's request for an injunction is moot because Plaintiff is no longer confined at the Jail. "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn*, 364 F.3d at 871. *See also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995). Only if Plaintiff can show a realistic possibility that he would again be incarcerated at the Jail under the conditions described in the complaint, would it be proper for the Court to consider injunctive relief. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)). Given these considerations, the Court hereby **DENIES** as moot Plaintiff's request for injunctive relief, and the denial is without prejudice.

**Pending Motion**

Plaintiff filed a motion for recruitment of counsel (Doc. 3), which shall be referred to United States Magistrate Judge **Stephen C. Williams**.

**Disposition**

The **CLERK** is hereby **DIRECTED** to add **OFFICER NICK, LIEUTENANT YOUNG,** and **UNKNOWN DOCTOR** as **DEFENDANTS**.

**IT IS HEREBY ORDERED** that **COUNTS 4, 5,** and **6** are **DISMISSED** without prejudice from this action for failure to state a claim upon which relief may be granted. **COUNT 7** is **DISMISSED** with prejudice for failure to state a claim for relief. **COUNT 8** is **DISMISSED** with prejudice because it is frivolous.

**IT IS FURTHER ORDERED** that Defendants **HOLLENBOCK, HARE,** and **DOVER** are **DISMISSED** without prejudice. Defendants **MADISON COUNTY MEDICAL STAFF, MADISON COUNTY JAIL STAFF, MADISON COUNTY SHERIFF'S DEPARTMENT, JOHN J. REKOWSKI, AND PUBLIC DEFENDER** are **DISMISSED** with prejudice.

As to **COUNTS 1, 2,** and **3**, the Clerk of Court shall prepare for Defendants **OFFICER NICK, LIEUTENANT YOUNG, SERGEANT COURT,** and **CAPTAIN BUNT**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that

Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on the motion for recruitment of counsel (Doc. 3) and expedited discovery aimed at identifying

Defendant Unknown Doctor.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed *in forma pauperis* is granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 17, 2014**

                                                  **s/ MICHAEL J. REAGAN**
                                                  **U.S. District Judge**